**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Francis Bowen

    v.                                 Civil No. 10-cv-542-SM

Richard M. Gerry, Warden,
New Hampshire State Prison


## O R D E R


Before the court is the petition for writ of habeas corpus
(doc. no. 1), filed by pro se petitioner, Francis Bowen, seeking
relief pursuant to 28 U.S.C. § 2254.  The matter is here for
preliminary review to determine whether or not the claims raised
in the petition are facially valid and may proceed.  See Rule 4
of the Rules Governing Section 2254 cases in the United States
District Courts ("§ 2254 Rules").


### Standard of Review

Pursuant to § 2254 Rule 4, a judge is required to promptly
examine any petition for habeas relief, and if "it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court, the
judge must dismiss the petition."  Id.  In undertaking this
review, the court applies a standard analogous to that used in
reviewing a motion to dismiss filed under Fed. R. Civ. P.

12(b)(6).  The court decides whether the complaint contains

sufficient factual matter, accepted as true, to state a claim to

relief that is plausible and cognizable in a petition for

federal habeas relief.  See Ashcroft v. Iqbal, 556 U.S. 662,

___, 129 S. Ct. 1937, 1949 (2009) (standard of review applicable

in determining if complaint states viable claims).  The court

may consider whether federal habeas review is barred by the

petitioner's failure to exhaust state court remedies, a

procedural default, or a statute of limitations defense apparent

upon the face of the petition.  See id.; see also Day v.

McDonough, 547 U.S. 198, 209-10 (2006) (district courts are

permitted, but not required, to dismiss complaint, sua sponte,

based upon statute of limitations, if parties have received fair

notice and opportunity to present their positions); Oakes v.

United States, 400 F.3d 92, 96 (1st Cir. 2005) (district court

has discretion to raise issue of procedural default sua sponte

(citing Brewer v. Marshall, 119 F.3d 993, 999 (1st Cir. 1997)).

### Background

In March 1988, Bowen pleaded guilty to aggravated felonious

sexual assault charges, arising out of conduct occurring in

1982, and was sentenced to a term of 6 to 15 years of

imprisonment, stand committed.  Bowen served the maximum term of

his prison sentence and was released thereafter.

New Hampshire law requires persons convicted of certain sex offenses to register with the police when they move into or out of a New Hampshire city or town. <u>See</u> N.H. Rev. Stat. Ann. ("RSA") §§ 651-B:4; -B:5.  In January 2008, Bowen moved within the state, from the City of Franklin, in Merrimack County, to the Town of Tilton, in Belknap County, but did not register that move with the police in either community.  Bowen was charged in Belknap County for failing to register the move with the Tilton Police and was also charged in Merrimack County with failing to report his relocation to the Franklin Police.  On March 7, 2008, Bowen pleaded guilty to the Belknap County charge and was sentenced to 1 to 3 years in prison on the Belknap County charge.  On September 23, 2008, Bowen pleaded guilty to the Merrimack County charge and was sentenced to 1½ to 7 years in prison, to be served concurrently with the Belknap County sentence.  The court also ordered that Bowen's eligibility for parole would be contingent upon his completion of the sexual offender treatment program at the New Hampshire State Prison.

Just over a year after he was sentenced on the Merrimack County charge, on September 24, 2009, Bowen filed a state court petition for a writ of habeas corpus, citing as grounds for relief the Double Jeopardy Clause, the guarantee against cruel and unusual punishment, and the right to effective assistance of counsel.  The Superior Court held a hearing on that petition on

January 8, 2010.  Bowen asserts that during that hearing, the judge instructed Bowen to file a motion to modify his sentence in Merrimack County Superior Court.  The superior court judge subsequently denied the state habeas petition on March 2, 2010.

On June 1, 2010, Bowen filed a motion to modify his sentence in Merrimack County, contending, among other things, that his sentence violated the state and federal constitutional prohibitions against ex post facto laws because the 1988 sex offense conviction underlying his 2008 sex offender registration conviction had been based on conduct occurring before the state had enacted any sex offender registry laws.  The state superior court denied the motion to modify Bowen's sentence on July 28, 2010, in short order, stating that all "claims made in the Motion to Modify Sentence ha[d] been considered and decided adversely" in the March 2, 2010, order denying Bowen's state habeas petition.  State v. Bowen, No. 08-S-449 (N.H. Super. Ct., Merrimack Cnty. July 28, 2010) (citing Bowen v. Gerry, No. 09-E-386 (N.H. Super. Ct., Merrimack Cnty. Mar. 2, 2010).

Bowen appealed both orders to the NHSC.  The NHSC granted Bowen's motion to extend the deadline for filing the appeal and declined his discretionary appeal on November 4, 2010.  See Bowen v. Warden, No. 2010-0580 (N.H. Nov. 4, 2010).

Bowen filed the instant petition for federal habeas relief under 28 U.S.C. § 2254 on November 22, 2010, challenging the

4

Merrimack County conviction and sentence.[1]  The petition asserts

the following facially valid federal constitutional claim[2]:

> Bowen's Merrimack County conviction and sentence for
> failing to register as a sex offender violated the
> prohibition against ex post facto laws, set forth in the
> United States Constitution, Article I, section 10, in that
> his underlying sex offender conviction, dating from 1988,
> related to conduct occurring in 1982, before New Hampshire
> had enacted any sex offender registration requirements.[3]

## Discussion

### I.   Custody

To be eligible for habeas relief on his federal claims,

Bowen must show that he is in custody in violation of his

federal constitutional or statutory rights.  See 28 U.S.C.

---

[1] The court has construed the instant petition as intending
to challenge only the Merrimack County conviction and sentence,
and not the Belknap County conviction and sentence.  Bowen
cannot challenge both convictions in the same § 2254 petition,
and he has cited only the state court docket number for the
Merrimack County charge in the petition filed here.  See § 2254
Rule 2(e) ("petitioner who seeks relief from judgments of more
than one state court must file a separate petition covering the
judgment or judgments of each court").

[2] Bowen has cited the ex post facto clause of both the New
Hampshire Constitution and the United States Constitution in the
claim asserted in the petition (doc. no. 1).  Because federal
habeas relief is available only for violations of federal
rights, see 28 U.S.C. § 2254(a), the court has construed the
petition (doc. no. 1) as asserting only the federal claim and
has not separately identified a state law claim.

[3] The claim identified here shall be considered to be the
only claim asserted in the petition (doc. no. 1).  If Bowen
disagrees with this identification of his claim, he must
properly file either a motion to reconsider this Order or a
motion to amend the petition.

§ 2254(a).  Here, Bowen's imprisonment satisfies the custody requirement set forth in section 2254(a).

II.  Exhaustion

To be eligible for relief on his federal claims in a § 2254 petition, a petitioner must show that he has exhausted the remedies available to him in the State courts regarding those claims, or that State corrective processes are unavailable or ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  Id. § 2254(d).  Unexhausted claims cannot generally be cited as grounds for granting federal habeas relief.  See id. § 2254(b). "[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir.), cert. denied, 132 S. Ct. 426 (2011).

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that

he 'must show that he tendered his federal claim in such a way
as to make it probable that a reasonable jurist would have been
alerted to the existence of the federal question.'" Clements v.
Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations
and citation omitted).

In the motion to amend his Merrimack County sentence, filed
in state court, Bowen cited federal cases regarding ex post
facto laws.  In his notice of appeal challenging the order
denying that motion, however, Bowen did not specify whether his
appeal was based on the state constitution or the federal
constitution.  Given that the NHSC analyzes ex post facto claims
asserted under the state and federal constitutions in the same
manner, see State v. Costello, 138 N.H. 587, 589, 643 A.2d 531,
532 (1994), by raising a generic ex post facto claim in the
notice of appeal, Bowen effectively exhausted his state remedies
on the federal claim.  See Coningford, 640 F.3d at 482
(petitioner may demonstrate exhaustion by showing that he raised
state law claim that is "functionally identical" to federal
constitutional claim in state's highest court).

Bowen has therefore demonstrated in this court that he has
exhausted his state remedies as to the federal ex post facto
claim in the petition.  Accordingly, the petition may proceed at
this time.

Conclusion

The petition (doc. no. 1) shall be served upon Richard Gerry, Warden of the New Hampshire State Prison, who shall file an answer or other pleading in response to the allegations made therein.  See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, electronic copies of this Order and the habeas petition, with the exhibits attached thereto (doc. no. 1).

The Warden shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such

service is to be made by mailing the material to the parties'
attorney(s).

     SO ORDERED.

                              _____

                              Landya McCafferty
                              United States Magistrate Judge

January 17, 2012

cc:  Francis Bowen, pro se

LBM:nmd