UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Francis Bowen

    v.                                       Civil No. 10-cv-542-SM

Warden, New Hampshire
State Prison


## REPORT AND RECOMMENDATION


Francis Bowen, appearing pro se, has petitioned for a writ of habeas corpus.  See 28 U.S.C. § 2254.  Before me for a report and recommendation is respondent's unopposed motion for summary judgment.  For the reasons that follow, I recommend that respondent's motion be granted.


## Background

In 1988, Bowen was convicted of aggravated felonious sexual assault for acts he committed in 1982.  He was sentenced to a term of six to fifteen years in the New Hampshire State Prison ("NHSP").  After serving his maximum sentence, he was released. In 2008, Bowen moved from the City of Franklin, in Merrimack County, to the Town of Tilton, in Belknap County, but he failed to notify the local law-enforcement agency in either municipality of his move, as was required by the New Hampshire

statute governing the registration of certain sexual offenders.
See N.H. Rev. Stat. Ann. ("RSA") ch. 651-B.  In March of 2008,
Bowen pled guilty in Belknap County to violating RSA 651-B:4 by
failing to register his move to Tilton.  He was convicted, and
sentenced to one to three years in the NHSP.  On September 23,
2008, he pled guilty in Merrimack County to violating RSA 651-
B:5 by failing to register his move from Franklin.  He was
convicted, and sentenced to one and one half to seven years in
the NHSP, to be served concurrently with the sentence in his
Belknap County case.  "As a condition of parole eligibility,
[Bowen] was ordered to complete the prison's intensive sexual
offender program."  Resp't's Mot. Summ. J., Ex. A (doc. no. 12-
2), at 9.

On September 24, 2009, Bowen challenged his incarceration
under the Merrimack County conviction by petitioning the
Superior Court for a writ of habeas corpus.  He asserted claims
based on: (1) ineffective assistance of counsel; (2) double
jeopardy; and (3) violation of his right to be free from cruel
and unusual punishment.  In an order dated March 2, 2010, Judge
Smukler denied Bowen's petition for habeas-corpus relief.

On June 1, 2010, Bowen moved the Superior Court to modify
the sentence he received for his Merrimack County conviction.

He argued that: (1) the trial court violated his right to due process by ordering him to complete the NHSP's sexual-offender program as a condition of parole eligibility; and (2) his conviction for failing to register as a sexual offender violated the Federal Constitution's Ex Post Facto Clause.  In an order dated July 28, 2010, Judge McNamara denied Bowen's motion on grounds that the arguments therein had already been decided against him by Judge Smukler.

On October 12, 2010, Bowen filed a notice of discretionary appeal with the New Hampshire Supreme Court ("NHSC") in which he sought review of both Judge Smukler's order and Judge McNamara's order.  Having missed the deadline for filing such an appeal, see N.H. Sup. Ct. R. 7(1)(C), he moved for an extension of the deadline.  In an order dated November 4, 2010, the NHSC granted Bowen's motion for an extension of time but declined his notice of appeal.

On November 22, 2010, Bowen filed the petition that is currently before the court.  In it, he asserts the following claim:

> Bowen's Merrimack County conviction and sentence for failing to register as a sex offender violated the prohibition against ex post facto laws, set forth in the United States Constitution, Article I, section 10, in that his underlying sex offender conviction, dating from 1988, related to conduct occurring in 1982,

3

before New Hampshire had enacted any sex offender
registration requirements.

Order (doc. no. 10), at 5.

### The Legal Standard

Federal habeas-corpus relief may be granted "only on the
ground that [a petitioner] is in custody in violation of the
Constitution or laws or treaties of the United States."  28
U.S.C. § 2254(a).  Passage of the Anti-Terrorism and Effective
Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat.
1214 (1996), has significantly limited the power of the federal
courts to grant habeas-corpus relief to state prisoners.

When a petitioner's claim "was adjudicated on the merits in
State court proceedings," 28 U.S.C. § 2254(d), a federal court
may disturb the petitioner's conviction only when: (1) the State
court adjudication "resulted in a decision that was based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding," 28 U.S.C. §
2254(d)(2); or (2) the State court's resolution of the issues
before it "resulted in a decision that was contrary to, or
involved an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of the United
States," 28 U.S.C. § 2254(d)(1); see also Parker v. Matthews,

___ U.S. ___, ___, 2012 WL 2076341, at *2 (June 11, 2012);

Companonio v. O'Brien, 672 F.3d 101, 109 (1st Cir. 2012).

"AEDPA's strict standard of review only applies to a claim

that was adjudicated on the merits in state court proceedings."

Lyons v. Brady, 666 F.3d 51, 53-54 (1st Cir. 2012) (quoting

Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001); citing Healy

v. Spencer, 453 F.3d 21, 25 (1st Cir. 2006)) (internal quotation

marks omitted).  "[C]laims [that] were not adjudicated on the

merits in state court [are] evaluated . . . de novo."  Wright v.

Marshall, 656 F.3d 102, 107-08 (1st Cir. 2011) (citing Fortini,

257 F.3d at 47 ("[W]e can hardly defer to the state court on an

issue that the state court did not address.")).

## Discussion

Respondent moves for summary judgment.  First, he argues

that Bowen's petition is untimely.  Second, he contends that

even if the petition were timely, it would fail on the merits.

Respondent's first argument is persuasive, and dispositive.

### A. Timeliness

Respondent argues that under the applicable statute of

limitations, Bowen had until approximately April 1, 2010, to

file his petition, which makes his November 22, 2010, filing

untimely.  While respondent's calculations are a bit off,
Bowen's petition is, indeed, time barred.

"A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in custody
pursuant to the judgment of a State court."  28 U.S.C. §
2244(d)(1).  Because Bowen did not seek direct review of his
September 23, 2008, conviction, the limitation period began to
run on "the expiration of the time for seeking such review."  28
U.S.C. § 2244(d)(1)(A).  Bowen had thirty days from the date of
his sentencing to seek direct review.  See N.H. Sup. Ct. R.
7(1)(C) (establishing that criminal appeals must be filed
"within 30 days from the date of sentencing").  Thus, the
limitation period on Bowen's right to seek habeas-corpus relief
from this court began to run on October 23, 2008, which gave him
until October 23, 2009, to file his petition.  Bowen filed his
petition November 22, 2010, approximately twenty-five months
after the AEDPA limitation period had begun to run.

That limitation period, however, is subject to the
following tolling provision: "The time during which a properly
filed application for State post-conviction or other collateral
review with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of limitation

under this subsection."  28 U.S.C. § 2244(d)(2).  Respondent

acknowledges that Bowen properly filed a petition for habeas-

corpus relief in the state court.  He did so on September 24,

2009, which was 336 days into the limitation period.  Even

though Bowen did not argue in his state habeas-corpus petition

that his Merrimack County conviction offended the Federal

Constitution's Ex Post Facto Clause, that petition was still

sufficient to toll the running of the statute of limitations on

the claim he has raised in the petition currently before this

court.  See Bishop v. Dormire, 526 F.3d 382, 384 (8th Cir.

2008); Cowherd v. Million, 380 F.3d 909, 914 (6th Cir. 2004)

(overruling Austin v. Mitchell, 200 F.3d 391 (6th Cir. 1999));

Ford v. Moore, 296 F.3d 1035, 1038-40 (11th Cir. 2002); Sweger

v. Chesney, 294 F.3d 506, 516-20 (3d Cir. 2002); Carter v.

Litscher, 275 F.3d 663, 665-66 (7th Cir. 2001); Tillema v. Long,

253 F.3d 494, 498-502 & n.10 (9th Cir. 2001), abrogated on other

grounds by Pliler v. Ford, 542 U.S. 225, 234 (2004).

    Judge Smukler denied Bowen's petition for habeas-corpus

relief on March 2, 2010.  Respondent argues, mistakenly, that

the limitation period began to run again on the date of Judge

Smukler's order and expired twenty-nine days later.  When the

AEDPA limitation period is tolled by a petitioner's pursuit of

post-conviction or collateral review in state court, the

"application for [state] post-conviction relief [remains]

pending from the time it is first filed until [the time it is]

finally disposed of and further appellate review is unavailable

under the particular state's procedures."  Drew v. MacEachern,

620 F.3d 16, 21 (1st Cir. 2010) (quoting Currie v. Matesanz, 281

F.3d 261, 263 (1st Cir. 2002); citing Bennett v. Artuz, 199 F.3d

116, 120 (2d Cir. 1999)) (internal quotation marks omitted).  In

the context of post-conviction or collateral review, as with

direct review, final disposition comes either with "the

completion of appellate review or the expiration of time for

seeking such review."  Currie, 281 F.3d at 266 (citing 28 U.S.C.

§ 2244(d)(1); Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000)

(ruling that application for state collateral review stopped

being "pending" when time for appealing state superior court

order of post-trial motion expired)).

      Bowen had thirty days from the date of the clerk's notice

of Judge Smukler's decision to seek appellate review of that

decision.  See N.H. Sup. Ct. R. 7(1)(C).  He did not file a

timely appeal.  Consequently, the limitation period began to run

again upon the expiration of the appeal period, i.e., thirty

days after the date of the clerk's notice of Judge Smukler's

decision.  See Currie, 281 F.3d at 266.

While neither party has provided the court with the clerk's

written notice of Judge Smukler's decision, "[i]t is well-

accepted that federal courts may take judicial notice of

proceedings in other courts if those proceedings have relevance

to the matters at hand."  Kowalski v. Gagne, 914 F.2d 299, 305

(1st Cir. 1990); see also Rodi v. S. N.E. Sch. of Law, 389 F.3d

5, 18-19 (1st Cir. 2004).  Here, the court takes judicial notice

of the fact that Judge Smukler's March 2 decision was

transmitted to Bowen under cover of a notice of decision dated

March 8, 2010.

Given the date of the clerk's notice of decision, Bowen had

until April 7 to appeal Judge Smukler's order.  On that date,

which passed without a timely appeal, twenty-nine days remained

in the AEDPA limitation period.  That means the limitation

period ran until May 6, 2010, and then expired.  Because Bowen

did not file his petition for a writ of habeas corpus in this

court until November 22, 2010, his petition is untimely, see 28

U.S.C. 2244(d)(1), which precludes consideration on the merits

and bars Bowen from the relief he seeks, see Drew, 620 F.3d at

21.  To be sure, Bowen continued to seek relief in the state

courts after the period of limitation had expired, but nothing
that happened in the state courts after May 6 either restarted
or revived the limitation period.

On June 1, 2010, Bowen filed a motion in the Superior Court
to modify his sentence.  Based on Wall v. Kholi, that motion
probably qualifies as an application for post-conviction or
collateral review that, if timely filed, would have tolled the
running of the limitation period, see 131 S. Ct. 1278, 1284-87
(2011).  But, by the time Bowen filed that motion, the
limitation period had already run its course, and "[o]nce the
limitations period is expired, state collateral review
proceedings can no longer serve to avoid the statute of
limitations bar."  Colbert v. Tambi, 513 F. Supp. 2d 927, 934
(S.D. Ohio 2007) (citing Rashid v. Khulmann, 991 F. Supp. 254,
259 (S.D.N.Y. 1998)); see also Trapp v. Spencer, 479 F.3d 53,
58-59 (1st Cir. 2007) (citing Cordle v. Guarino, 428 F.3d 46, 48
n.4 (1st Cir. 2005); Dunker v. Bissonnette, 154 F. Supp. 2d 95,
103 (D. Mass. 2001)).  In other words, "a state court petition
. . . that is filed following the expiration of the federal
limitations period 'cannot toll that period because there is no
period remaining to be tolled.'"  Tinker v. Moore, 255 F.3d
1331, 1333 (11th Cir. 2001) (quoting Webster v. Moore, 199 F.3d

1256, 1259 (11th Cir. 2000)).  Here, by the time Bowen filed his
motion to modify his sentence, there was no longer any
limitation period to be tolled, so that motion had no effect on
the untimeliness of Bowen's petition.

More than thirty days after Judge McNamara denied Bowen's
motion to modify his sentence, Bowen moved the New Hampshire
Supreme Court to extend the deadline for appealing both Judge
McNamara's decision and Judge Smukler's earlier denial of his
petition for a writ of habeas corpus.  While the NHSC granted
Bowen's motion, that action did not revive the AEDPA limitation
period.  As the court of appeals for the Seventh Circuit
recently explained: "§ 2244(d) is an independent federal rule; a
state's latitude or lassitude with respect to time does not
extend the AEDPA's limit."  De Jesus v. Acevedo, 567 F.3d 941,
943 (7th Cir. 2009) (citing Escamilla v. Jungwirth, 426 F.3d 868
(7th Cir. 2005); Fernandez v. Sternes, 227 F.3d 977 (7th Cir.
2000)); see also Griffith v. Rednour, 614 F.3d 328, 330 (7th
Cir. 2010) ("The point of Fernandez is that state courts'
decisions do not have retroactive effect.  Once a petition has
stopped being 'pending,' nothing a state court does will make it
'pending' during the time after the federal clock began to run
and before another paper is filed in state court."); cf. Drew,

11

620 F.3d at 22 (rejecting habeas petitioner's argument that the

Supreme Court's decision Jimenez v. Quarterman, 555 U.S. 113

(2009), "indicates that in extraordinary circumstances, state

court action can change how AEDPA's limitations period is

tolled").

So, to sum up, the AEDPA limitation period on Bowen's claim

expired on May 6, 2010.  Bowen's filing of a motion to modify

his sentence on June 1 did not restart the running of the

limitation period.  The New Hampshire Supreme Court's decision

to accept Bowen's late appeal of the orders issued by Judges

Smukler and McNamara did not revive the limitation period.

Bowen filed his petition in this court in November of 2010.

That petition was untimely.

As respondent correctly points out, the limitation period

stated in 28 U.S.C. § 2244(d) "is subject to equitable tolling

in appropriate cases."  Holland v. Florida, 130 S. Ct. 2549,

2560 (2010) (citing, inter alia, Neverson v. Farquharson, 366

F.3d 32, 41 (1st Cir. 2004)).  In Holland,

> [t]he Court established a two-prong test: "[A]
> 'petitioner' is 'entitled to equitable tolling' only
> if he shows '(1) that he has been pursuing his rights
> diligently, and (2) that some extraordinary
> circumstance stood in his way' and prevented timely
> filing."  [Holland, 130 S. Ct.] at 2562 (quoting Pace
> v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Drew, 620 F.3d at 23 (emphasis added, parallel citations

omitted).  "The party seeking to invoke equitable tolling 'bears

the burden of establishing the basis for it,' and must therefore

establish that the circumstances are 'extraordinary' and that he

acted diligently."  Drew v. Superintendent, MCI-Shirley, 607 F.

Supp. 2d 277, 283 (D. Mass. 2009) (quoting Neverson, 366 F.3d at

41, 42) (emphasis added).  Here, Bowen has not objected to

respondent's motion for summary judgment.  Thus, he has not

sought to invoke equitable tolling.  Necessarily, he has not

carried the burden of showing that he is entitled to the benefit

of that doctrine.

The limitation period on Bowen's petition for a writ of

habeas corpus irrevocably expired before he filed his petition

in this court, and he has presented the court with no occasion

to consider the application of equitable tolling.  Accordingly,

respondent is entitled to summary judgment, and dismissal of

Bowen's petition.

    B. Merits

Respondent also argues that if Bowen's petition had been

timely, it would fail on the merits, even under the de novo

standard of review that applies to issues that "were not

adjudicated on the merits in state court."  Wright, 656 F.3d at

107.  While the court does not reach the merits of Bowen's
claim, it observes, briefly, that respondent's argument on the
merits appears to be on solid ground.

Bowen claims that because the conduct underlying his
conviction for sexual assault predates the enactment of New
Hampshire's sexual-offender registration statute, his conviction
for violating the registration statute offends the federal
constitutional prohibition of ex post facto laws.  See U.S.
Const. art 1, § 9, cl. 1.  Bowen's claim would seem to be
foreclosed by the United States Supreme Court's decision in
Smith v. Doe, in which the Court upheld the Alaska sexual-
offender registration statute in the face of a claim that it
"constitute[d] retroactive punishment forbidden by the Ex Post
Facto Clause," 538 U.S. 84, 92 (2003).  Without engaging in a
comprehensive analysis, the court can see nothing about the New
Hampshire statute that distinguishes it from the Alaska statute
in way that would cause Smith not to apply with full force to
the New Hampshire statute.  Thus, were it necessary to reach the
merits of Bowen's claim, it is difficult to conceive of any
basis in law or fact for a judgment in Bowen's favor.

## Conclusion

For the reasons described above, I recommend that respondent's motion for summary judgment, document no. 12, be granted.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge


June 21, 2012

cc:  Francis Bowen, pro se
     Elizabeth C. Woodcock, Esq.